CENTRAL TRUST CO. OF NEW YORK *v.* TEXAS & ST. L. RY. IN MISSOURI
AND ARKANSAS.

*(Circuit Court, E. D. Missouri and E. D. Arkansas.   1884.)*

PRACTICE—MODIFICATION OF ORDERS PASSED BY DISTRICT JUDGES IN DIFFERENT
     STATES—RECEIVERSHIP UNDER FORECLOSURE OF RAILROAD MORTGAGE.
     Where, on default in payment of the debt secured by a mortgage executed by
     a consolidated railroad company operating its road within several states, the
     mortgage is foreclosed, and a receiver appointed in a proceeding before a
     United States district judge in the circuit court for one of such states, and,
     subsequently, the same person is appointed a receiver in a similar proceeding
     by a district judge in the circuit court in another state, and a difference arises,
     under the order of the two courts, as to a mere matter of administration and
     procedure, and not as to any substantial rights of the parties, the circuit
     judge will not interfere or modify such orders.

On Application of Complainant for Modification of certain Orders of above Courts.

BREWER, J.   The defendant is a corporation running a railroad through the states of Missouri and Arkansas, and existing by consolidation of two corporations,—one of Missouri, the other of Arkansas. Its line also extends into the state of Texas; but, for the purposes of the present question, this fact is immaterial and may be disregarded. As such consolidated corporation, it executed a mortgage on all its property to complainant as trustee.   Defendant having defaulted in the payment of interest, the complainant filed its bill to foreclose. Such bill was filed in the circuit court for the Eastern district of Missouri, and on application a receiver was appointed on January 12, 1884.   Thereafter, and on March 5, 1884, a similar bill was filed in the circuit court for the Eastern district of Arkansas, and, on application, the same person was appointed receiver by that court.   Both these orders are of a general nature, providing simply for the appoint-

ment of the receiver, directing him to take possession and operate the road. On the twenty-fourth of March, 1884, and on the twenty-ninth of May, the Honorable SAMUEL TREAT, holding the circuit court in the Eastern district of Missouri, made two orders in respect to claims, and on the sixteenth of May, the Hon. HENRY C. CALDWELL, holding the circuit court for the Eastern district of Arkansas, also entered an order in respect to the settlement of claims. The orders of the two courts differ in some respects, and application is now made to me to set aside all these orders and to make for both courts an order which shall be uniform in its operation. The order in the circuit court for the Eastern district of Missouri was the same as the order of that court in *Blair* v. *St. Louis, H. & K. R. Co.* 19 FED. REP. 861; and the order in the Eastern district of Arkansas was the same as the order of that court in *Dow* v. *Memphis & L. R. R. Co.* 20 FED. REP. 266–269, where the orders and reasoning of the court in support of them are set out. The differences between the orders of the two courts may be briefly stated thus: The circuit court of Missouri required all claims to be presented to the master for allowance; the circuit court of Arkansas, that they might be ascertained by suit in the state courts, providing, however, that the property in the possession of the receiver should not be touched by process issuing out of such courts. The former court required the receiver to pay out of the earnings of the road all debts for labor, materials, and supplies, and all outstanding debts for necessary operating and managing expenses in the ordinary course of business incurred after the first of September, 1883; the latter, that all debts due for freight and ticket balances, for work, labor, and supplies, and all obligations incurred in transporting passengers and freight, or for injuries to persons and property, accruing since the first of September, 1883, should in similar manner be paid.

It seems to me clear, under the decisions of the supreme court, that neither of these orders is in excess of the proper powers and discretion of a court appointing a receiver. *Miltenberger* v. *Railway*, 106 U. S. 286; S. C. 1 Sup. Ct. Rep. 140; *Trust Co.* v. *Souther*, 107 U. S. 591; S. C. 2 Sup. Ct. Rep. 295; *Trust Co.* v. *Walker*, 107 U. S. 596; S. C. 2 Sup. Ct. Rep. 299. Indeed, as to the classes of claims for which payment is provided, I think the difference between the two orders is very slight; for under the description, debts for necessary operating and managing expenses in the ordinary course of business, would, I think, fairly be included traffic and freight balances, so that probably Judge CALDWELL's order in this respect differs from Judge TREAT's only in providing for injuries to persons and property occurring since the first of September, 1883; but this, doubtless, is a trifling matter. The other is the more important difference, and yet, after all, it is simply in the manner of determining claims. Under neither order can the possession of the receiver be interfered with. Under these circumstances ought the application of complainants to

be sustained? I have given the matter a good deal of thought, not so much because in this particular case the question seemed to be of great importance, but because it opens the door to a general inquiry as to the circumstances under which the circuit judge should interfere when differences arise between two courts in the circuit as to the administration of a property lying partly within the jurisdiction of each of those courts. The question is not which of the orders of the two courts is the better one and the most appropriate to the condition of affairs, but whether an emergency has arisen which calls for the interference of the circuit judge to compel uniformity. The difference arises, not in the appointment of the receiver, nor as respects the possession of the property, for the same person has been designated as receiver by both courts, and his possession is not interfered with. Neither does it arise as to the terms of the final decree by which the rights of the various parties in interest are adjudicated; but it is as to a mere matter of administration, and is not one vital to the substantial rights of the parties named. It affects rather the convenience of the parties and the modes of procedure. Under those circumstances, I think, no emergency has arisen which calls for the interference of the circuit judge.

Doubtless, uniformity of procedure is on many accounts desirable. The court in which the bill is filed in the first instance and the receiver appointed is the court of primary administration; and the other, one in which the administration is merely ancillary; yet the rights of all parties go back to the statutes of the two states, and although the corporation is a single consolidated corporation, yet its rights in each of the states must largely be affected by the statutes, and the course of decision and procedure therein. This difference in the origin and source of rights may naturally affect many matters of procedure in the administration of the property, and it cannot be held that such procedure must in all cases be made uniform in the two states. Doubtless, it would be more convenient for the receiver to have but a single rule of administration, but prior to the appointment of receiver the corporation was bound to adjust itself and its dealings in the two states to their different laws and varied methods of procedure; and it cannot be affirmed that it is an unnecessary burden on the receiver if similar differences are recognized after his appointment. As intimated heretofore, I do not feel called upon to express any opinion as to the merits of either procedure. Much might be said in favor of each. The one is more simple, keeps everything more closely within the control of the court, while the other interferes less with the prior condition of affairs, and gives to claimants the ordinary and accustomed channels of establishing their claims. I believe that either may properly be resorted to by a court in the administration of such a property, and so believing I do not think I ought to interfere for the purpose of compelling uniformity. Of course, when the time comes for a final decree, if a difference should arise the need of uniformity would be

more urgent. So, also, even in the mere administration of the property, the differences might be such as to vitally affect the right of parties when a similar urgency would arise. The present does not appear to me to be such. The application will therefore be overruled.